### In re HATTEN'S ESTATE.

*(Surrogate's Court, New York County.   June 13, 1888.)*

1. WILLS—PROBATE AND CONTEST—COSTS OF APPEAL—POWER OF SURROGATE.
   Code Civil Proc. N. Y. §§ 2558, 2560, when compared with section 2589, while they provide for the adjustment in surrogate's decrees of costs in appeal proceedings, do not give to the surrogate any power to award such costs when the appellate court has failed or refused to award them.

2. SAME—COSTS OF JURY TRIAL.
   The fact that the supreme court, on appeal, directed a jury trial in the court of common pleas, does not authorize the surrogate to tax the costs. The cases in which he is, by Code Civil Proc. N. Y. § 2558, authorized to tax the costs of a jury trial, are where he has ordered the trial himself, or where the appellate court directs him to tax them.

On motion to tax proponents' costs.
Proceedings to admit to probate the will of Mary T. Hatten, deceased.
*Francis C. Dealin,* for proponents.   *S. B. Chittenden,* for contestants.

RANSOM, Surr.   The will of deceased was admitted to probate on October 18, 1886, and from the decree admitting it an appeal was taken to the general term of the supreme court, which, by an order entered August 20, 1887, reversed the decree of the surrogate, and directed certain issues of fact to be tried in the court of common pleas, before a jury. No direction as to costs of the appeal was made by the general term. A trial of the issues resulted in a

verdict in favor of the proponents. No motion for a new trial was made by contestants, and after the lapse of 10 days from the rendition of the verdict—*i. e.*, February 7, 1888—the court of common pleas certified this verdict to the surrogate's court. The proponents now seek to tax their costs and disbursements of their appeal to the general term, and of the trial had in the court of common pleas. In *Schell* v. *Hewitt*, 1 Dem. Sur. 249, this question was very carefully considered; and, though the facts were somewhat different from those in the case at bar, the same principles must apply. It was held in that case that sections 2558 and 2560, when compared with section 2589 of the Code of Civil Procedure, while they provide, among other things, for the adjustment in surrogate's decrees of costs in appeal proceedings, it is not their intention to give to the surrogate any power to award such costs, when the court above has refused to award them. Section 2589 provides that the appellate court may award to the successful party the costs of an appeal, or may direct that costs shall abide the event of a new trial or of subsequent proceedings in the surrogate's court, and that the costs may be made payable out of the estate or fund or personally by the unsuccessful party, as directed by the appellate court; or if such a direction is not given as directed by the surrogate, which means, not that if the appellate court fails to award appeal costs the surrogate may award them, but if the appellate court does award costs, and gives no direction whether the same shall be paid out of the estate or fund or by the unsuccessful party, the surrogate may exercise his discretion in the particulars wherein the appellate court has failed to exercise its own. The above case is, I think, directly in point. The circumstance that there was a jury trial directed to be had in the court of common pleas by the general term of the supreme court, upon reversing the decree of the surrogate, in no way helps the contention of the applicant. The jury trial mentioned in subdivision 2 of section 2558 is the same referred to in section 2560, and that is a trial which the surrogate may order with respect to a controverted question of fact arising upon a special proceeding for the disposition of real estate in pursuance of section 2547. Possibly the case where the surrogate may grant a new trial by a jury upon a motion for the purpose made under section 2558 is also such a trial as is contemplated by the sections just mentioned. To authorize the surrogate, however, to award costs in either of these cases, there must, as required by subdivision 2 aforesaid, be an absence of the direction specified in subdivision 1. The trial in the present case is not one which has been ordered by the surrogate. He can, therefore, make no award of costs with respect to it.